

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

JOHN BEN SHEPPERD
ATTORNEY GENERAL

October 9, 1953

Hon. D. C. Greer　　　　　　Opinion No. S-105
State Highway Engineer
Texas Highway Department　　Re: Whether the Highway Depart-
Austin, Texas　　　　　　　　　　ment has authority to con-
　　　　　　　　　　　　　　　　　struct a building on land
　　　　　　　　　　　　　　　　　owned by it at Camp Hubbard
　　　　　　　　　　　　　　　　　to house its Motor Vehicle
　　　　　　　　　　　　　　　　　Registration Division and
　　　　　　　　　　　　　　　　　personnel from other divi-
　　　　　　　　　　　　　　　　　sions for the furtherance
　　　　　　　　　　　　　　　　　of public road construc-
　　　　　　　　　　　　　　　　　tion and establishment of
Dear Mr. Greer:　　　　　　　　　a system of State Highways.

　　　　In your letter of September 9, 1953, you request
the opinion of this office on the authority of the Texas
Highway Department to construct a building on land owned
by it at Camp Hubbard to house its Motor Vehicle Registra-
tion Division and personnel from other Divisions. Your
letter in part states as follows:

　　　　"The Highway Department is contemplating the
　　construction of a building upon land owned by it
　　at Camp Hubbard to house its Motor Vehicle Regis-
　　tration Division and personnel from other divi-
　　sions connected with the construction and main-
　　tenance of State Highways. Because of the crowded
　　condition of the Highway Building the Highway Com-
　　mission has determined that such a building is
　　necessary to the continued efficient functioning
　　of the Department in the construction and main-
　　tenance of highways. The need for such building
　　is immediate. . . ."

　　　　Article 6663, Vernon's Civil Statutes, places the
administrative control of the State Highway Department in
the State Highway Commission and the State Highway Engineer.
Article 6673 authorizes the Commission to take over and
maintain the various State highways in Texas and provides
for the use of the automobile registration fees for the
maintenance of such highways. Article 6674, after provid-
ing that the Legislature shall make appropriation for the
maintenance and running expense of the Department and the

fixing of the compensation of the Highway Engineer and
other employees of the Department, then provides:

". . . All money herein authorized to be
appropriated for the operation of the Depart-
ment and the purchase of equipment shall be
paid from the State Highway Fund and the re-
mainder of said fund shall be expended by the
Commission for the furtherance of public road
construction and the establishment of a system
of State highways as herein provided." (Emphasis
added)

Article 6674e, Vernon's Civil Statutes, provides:

"All moneys now or hereafter deposited in
the State Treasury to credit of the 'State
Highway Fund', including all Federal aid mon-
eys deposited to the credit of said fund under
the terms of the Federal Highway Act and all
county aid moneys deposited to the credit of
said fund under the terms of this Act shall
be subject to appropriation for the specific
purpose of the improvement of said system of
State Highways by the State Highway Depart-
ment." (Emphasis added)

After legislation was passed to retire county
bonds issued to support highways within the State, Arti-
cle 6674q-5, Vernon's Civil Statutes, was passed, which
was substantially identical with Article 6674e, V.C.S.,
with the exception that the clause "and all county aid
moneys deposited to the credit of said fund under the
terms of this Act" was omitted.

Under the authority of the Articles above cited,
the Fifty-third Legislature passed its General Appropria-
tion Bill, being Chapter 81, Acts 53rd Legislature, 1953,
which in part provides as follows:

"All revenues, fees, grants in aid and
other receipts recovered for credit to the
State Highway Fund during the biennium be-
ginning September 1, 1953, together with
the balance of such funds on hand at the
beginning of each year of said biennium,
are appropriated for the establishing,
planning, construction and maintaining a
system of State Highways as contemplated

and set forth in Chapter 1, Title 116, and
Chapter 186, General Laws, 39th Legislature,
Regular Session, and amendments thereto. . .
. ." (Emphasis added)

This appropriation bill establishing the Highway Fund for
the 1953-1954 biennium is not materially different from
the general appropriation bills passed prior to this time.

The Highway Commission is given express authority
to construct and maintain a system of State highways and
with this express grant of power is also conferred such
implied powers as are necessary to carry out the powers
expressly granted, or such as are required to accomplish
the purposes for which they were created. 29 C.J. 563-64,
Highways, Sec. 232.

Since the time the Highway Department was created,
the Commission has interpreted the above legislative acts
as giving it the authority to expend millions of dollars
in the construction of many buildings throughout the State
to office its personnel and to provide storage for its
equipment for the furtherance of public road construction
and the establishment of a system of State Highways. It
was strengthened in such interpretation by an opinion of
this office dated August22, 1928 from H. Grady Chandler,
Assistant Attorney General, to Hon. Gibb Gillchrist, State
Highway Engineer, where, in response to an opinion request
as to whether the State Highway Department could legally
expend money from the Highway Fund for purchase of land
for building sites and storage yards for materials and
equipment to be used in connection with construction and
maintenance of highways, this office advised that while
the Highway Commission was only given authority to con-
struct and maintain highways, yet, we were of the opinion
that the Commission was not restricted to the exercise of
the powers expressly conferred upon it, but it could ex-
ercise such implied powers as are necessary to carry out
the powers expressly granted or such as are required to
accomplish the purposes for which they were created.

And the Commission was further sustained in its
interpretation by the fact that the Legislature could not
help but be aware of the huge sums of money which have
been expended for the construction of buildings in the past
and therefore could not help but be aware of the interpre-
tation placed on the legislative appropriations made from
biennium to biennium to the State Highway Department Fund,
and yet at each biennium an appropriation was made by the

Legislature in which they continued to use substantially the same wording.

Although there is no specific legislative authority for the State Highway Commission to erect buildings to house its personnel and equipment, there is implied authority to do so in order to carry out the specific powers granted to the Commission for the furtherance of public road construction and the establishment of a system of State highways. The Commission having the implied power to construct buildings to carry out the specific power granted it for the furtherance of public road construction and the establishment of a system of State highways, each contemplated building presents a fact situation for the Commission to determine whether or not such building is necessary for the furtherance of public road construction and the establishment of a system of State highways.

## SUMMARY

The Highway Department has the authority to construct a building on land owned by it at Camp Hubbard to house its Motor Vehicle Registration Division and personnel from other Divisions if such construction is a necessary incident to the furtherance of public road construction and the establishment of a system of State highways.

APPROVED:

W. V. Geppert
Reviewer

Willis E. Gresham
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

RGR/rt

Yours very truly,

JOHN BEN SHEPPERD
Attorney General of Texas

By Rudy G. Rice

Rudy G. Rice
Assistant